1 | Wyeth E. Burrows (State Bar No. 203851)
      *Wburrows@wshblaw.com*
2 | Christopher G. Hook (State Bar No. 255080)
      *Chook@wshblaw.com*
3 | **WOOD, SMITH, HENNING & BERMAN LLP**
     501 West Broadway, Suite 1200
4 | San Diego, California 92101
     Phone: (619) 849-4900 ♦ Fax: (619) 849-4950
5 |
     Attorneys for Defendant WESTERN DENTAL SERVICES, INC.
6 |
7 |
8 |                    **UNITED STATES DISTRICT COURT**
9 |         **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**
10 |

*(left margin, vertical text)* WOOD, SMITH, HENNING & BERMAN LLP — Attorneys at Law — 501 WEST BROADWAY, SUITE 1200 — SAN DIEGO, CALIFORNIA 92101 — TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

| | |
|---|---|
| Robert Schilling,<br><br>       Plaintiff,<br><br>    v.<br><br>Western Dental Services, Inc.; and DOES 1-10, inclusive,<br><br>       Defendants. | CASE NO. CV12 - 748 DMG (OPx)<br><br>**WESTERN DENTAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND THIRD COUNTS PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:      4/6/12<br>TIME:      9:30 a.m.<br>COURTROOM: 7<br><br>Complaint Filed: 1/27/12<br><br>[Assigned for All Purposes to Judge Dolly M. Gee] |

22 | **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

23 | **PLEASE TAKE NOTICE** that on Friday, April 6, 2012, at 9:30 a.m. or

24 | as soon thereafter as the matter may be heard in Courtroom 7 of the above

25 | entitled Court, located at 312 North Spring Street (2nd Floor) in Los Angeles,

26 | California, 90012, Defendant WESTERN DENTAL SERVICES, INC.

27 | (hereinafter "WESTERN DENTAL") will and hereby does move this Court for

28 | an Order to Dismiss Plaintiff ROBERT SCHILLING's first and third counts

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

1  (causes of action) pursuant to Rule 12(b)(6) of the Federal Rules of Civil
2  Procedure.

3      This Motion is made on the grounds that Plaintiff's first and third
4  counts against WESTERN DENTAL fail to state claims upon which relief can
5  be granted. Specifically, Plaintiff's first count for "Violations of Fair Debt
6  Collection Practices Act" fails as a matter of law because WESTERN
7  DENTAL is not a "debt collector" as defined by the Federal Fair Debt
8  Collection Practices Act under 15 U.S.C. § 1692a(6). Additionally, Plaintiff
9  lacks standing to bring a claim under the Fair Debt Collection Practices Act
10 because he is not a "consumer" as defined by 15 U.S.C. § 1692a(3).

11     Plaintiff's third count for "Violations of the Telephone Consumer
12 Protection Act" fails as a matter of law because telephone calls placed for
13 the purpose of attempting to collect a debt do not violate the Telephone
14 Consumer Protection Act.

15     This Motion to dismiss is based upon this Notice and attached
16 Memorandum of Points and Authorities, the Request for Judicial Notice filed
17 herewith, the pleadings and files herein, matters of which this Court may
18 take judicial notice, and on such oral or documentary evidence as may be
19 presented at the hearing of this Motion.

21 DATED: February 29, 2012    Respectfully submitted by,

22     WOOD, SMITH, HENNING & BERMAN LLP

25 By: _____
26     WYETH E. BURROWS
27     CHRISTOPHER G. HOOK
    Attorneys for Defendant WESTERN
28     DENTAL SERVICES, INC.

1

# TABLE OF CONTENTS

2

3   I.    STATEMENT OF ISSUES TO BE DECIDED ....................................... 1

4   II.   STATEMENT OF FACTS .......................................................... 1

5   III.  LEGAL STANDARD ............................................................. 3

6   IV.   LEGAL ARGUMENTS ........................................................... 4

7         A.   Plaintiff's First Count for Violations of the Federal Fair Debt
               Collection Practices Act Fails as a Matter of Law ...................... 4
8
9              1.   Plaintiff Cannot Support a Claim for Violations of 15
                    U.S.C. § 1692 Because WESTERN DENTAL Is Not
10                  a Debt Collector ............................................... 4

11             2.   Plaintiff SCHILLING Does Not Have Standing under
                    the Fair Debt Collection Practices Act Because He Is
12                  Not a "Consumer" ............................................... 8

13        B.   Plaintiff's Third Count for Violations of the Telephone
               Consumer Protection Act Must Be Dismissed Because
14             Debt Collection Calls Are an Exception to the Act ................... 10

15             1.   Debt Collection Calls Do Not Violate the Telephone
                    Consumer Protection Act ...................................... 11
16
17             2.   If Plaintiff's F.D.C.P.A. Claim Is Dismissed, This
                    Court Lacks Jurisdiction Over SCHILLING's T.C.P.A.
                    Claim ......................................................... 14

18  V.    CONCLUSION .................................................................. 15

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    STATEMENT OF ISSUES TO BE DECIDED**

First, whether Plaintiff may proceed with a claim against WESTERN DENTAL for alleged violations of the Federal Fair Debt Collection and Practices Act where WESTERN DENTAL, as a medical treatment provider acting to collect its own debts, does not fall under the Act's definition of a "debt collector."

Second, whether Plaintiff has sufficiently pleaded his third count for alleged violations of the Telephone Consumer Protection Act, where the alleged violations related to debt collection efforts that, as a matter of law, are not considered violations of the T.C.P.A.

**II.    STATEMENT OF FACTS**

On January 27, 2012, Plaintiff ROBERT SCHILLING (hereinafter "SCHILLING") filed a complaint for damages in the United States District Court, Central District of California. The complaint was served on WESTERN DENTAL on or about February 9, 2012. The complaint includes three "counts," or causes of action, against the defendant:

Count I alleges "Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq." (Complaint, ¶25 - ¶29.)

Count II alleges "Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq." (Complaint, ¶30 - ¶36.)

Count III alleges "Violations of the Telephone Consumer Protection Act – 47 U.S.C. § 277, et seq." (Complaint, ¶37 - ¶41.)

The factual basis for these counts by SCHILLING is a series of telephone calls allegedly placed to SCHILLING's cellular phone. SCHILLING claims his sister allegedly incurred a debt to WESTERN DENTAL.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

1   (Complaint, ¶9.) Plaintiff alleges that WESTERN DENTAL attempted to

2   collect the debt by contacting him for a debt that belongs not to him, but to

3   his sister. (Complaint, ¶14.)

4       The evidence in this case will demonstrate that SCHILLING's sister

5   gave WESTERN DENTAL his telephone number in her credit application

6   when she sought dental services from the Defendant. When SCHILLING's

7   sister defaulted on her debt, WESTERN DENTAL undertook collection

8   efforts, included attempting to reach her at the telephone numbers listed on

9   her credit application.

10      SCHILLING avers that during his initial contact and during every

11  contact thereafter, WESTERN DENTAL informed Plaintiff that they were

12  attempting to collect a debt and requested to speak to the debtor.

13  (Complaint, ¶15.)

14      According to the complaint, SCHILLING advised WESTERN DENTAL

15  during each telephone call that "he did not know the whereabouts of the

16  debtor" and that Plaintiff "was in no way responsible for the repayment of the

17  Debt." (Complaint, ¶16.) SCHILLING claims during each communication, he

18  requested that WESTERN DENTAL cease all collection attempts to Plaintiff.

19  (Complaint, ¶17.)

20      Despite being so informed during each conversation with the Plaintiff,

21  SCHILLING alleges that WESTERN DENTAL continued to contact him in an

22  attempt to collect the debt at "an excessive rate, oftentimes causing

23  Plaintiff's phone to ring two to three times per day…." (Complaint, ¶18.)

24      WESTERN DENTAL at times allegedly used "[a] rude and aggressive

25  tone with Plaintiff" and "employed automated dialers with pre-recorded

26  messages to contact Plaintiff in an attempt to collect the Debt." (Complaint,

27  ¶21.)

28      SCHILLING claims he has suffered and continues to suffer actual

1  damages as a result of WESTERN DENTAL's conduct, including humiliation,

2  anger, anxiety, emotional distress, fear, frustration, and embarrassment.

3  (Complaint, ¶22 & ¶23.)

4      According to SCHILLING, WESTERN DENTAL is a California

5  business entity operating as a collection agency, and is a "debt collector" as

6  the term is defined by 15 U.S.C. § 1692a(6).

7  **III.  LEGAL STANDARD**

8      A Rule 12(b)(6) motion tests the legal sufficiency of the claims

9  asserted in the complaint. (Fed. Rules Civ. Pro. 12(b)(6).) In a complaint

10  alleging several distinct claims for relief, a Rule 12(b)(6) motion may be

11  directed to less than all of the claims raised. (Rutter Group Practice Guide:

12  Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions, (2012) 9:189.)

13      Rule 12(b)(6) must be read in light of Rule 8(a), which requires a "short

14  and plain statement of the claim showing that the pleader is entitled to

15  relief." (*In re Washington Mut. Overdraft Protection Litigation*, 539 F.Supp.2d

16  1136, 1151 (C.D. Cal. 2008) (citing 5A Charles A. Wright & Arthur R. Miller,

17  Federal Practice and Procedure § 1356 (1990); see also *Gilligan v. Jamco*

18  *Development Corp.*(9th Cir. 1997) 108 F.3d 246, 248-49.) These "Rules

19  require...a short and plain statement of the claim that will give the defendant

20  fair notice of what the plaintiff's claim is and the grounds upon which it

21  rests." (*Leatherman v. Tarrant County Narcotics Intelligence and*

22  *Coordination Unit* (1993) 507 U.S. 163, 168.)

23      The "[f]actual allegations must be enough to raise a right to relief

24  above the speculative level." (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S.

25  544, 555.) A Rule 12(b)(6) motion is similar to the common law general

26  demurrer – i.e., it tests the *legal sufficiency* of the claim or claims stated in

27  the complaint. (*De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45, 48.)

28      For purposes of the motion, the Court must accept as true all material

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

1  allegations in the complaint, as well as reasonable inferences to be drawn

2  therefrom. (*Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F.3d 696, 699.) However,

3  the Court should not accept as true unreasonable inferences, unwarranted

4  factual deductions, or conclusory legal allegations that are creatively pled as

5  factual allegations. (See *Western Mining Council v. Watt* (9th Cir.1981) 643

6  F.2d 618, 624; *In re Washington Mut. Overdraft Protection Litigation*

7  (C.D.Cal. 2008) 539 F.Supp.2d 1136, 152.)

8      To survive a motion to dismiss, the facts alleged must state a *facially*

9  *plausible* claim for relief. (*Shroyer v. New Cingular Wireless Services, Inc.*

10  (9th Cir. 2010) 622 F.3d 1035,1041.)

11  **IV.    LEGAL ARGUMENTS**

12  **A.    Plaintiff's First Count for Violations of the Federal Fair Debt**

13  **Collection Practices Act Fails as a Matter of Law**

14      Plaintiff's "Count I" alleges that WESTERN DENTAL violated the Fair

15  Debt Collection Practices Act, citing 15 U.S.C. § 1692, et seq. This cause of

16  action alleges WESTERN DENTAL contacted the Plaintiff at a place and

17  during a time known to be inconvenient for the Plaintiff, in violation of 15

18  U.S.C. § 1692c(b). (Complaint, ¶26.)

19      Additionally, Plaintiff's first count alleges that WESTERN DENTAL

20  "engaged in behavior the natural consequence of which was to harass,

21  oppress, or abuse the Plaintiff in connection with the collection of a debt, in

22  violation of 15 U.S.C. § 1692d." (Complaint, ¶27.)

23      **1.    Plaintiff Cannot Support a Claim for Violations of 15**

24      **U.S.C. § 1692 Because WESTERN DENTAL Is Not a**

25      **Debt Collector**

26      Plaintiff's first count fails as a matter of law because WESTERN

27  DENTAL is <u>not</u> a "debt collector" as defined by the F.D.C.P.A. The conduct

28  alleged in Plaintiff's complaint relates to WESTERN DENTAL's efforts to

1   collect on a debt owed by SCHILLING's sister for dental services rendered

2   by WESTERN DENTAL.

3       The Fair Debt Collection Practices Act (15 U.S.C.A. § 1692a *et seq.*)

4   regulates the practices of "debt collectors." The Act provides both a

5   definition of "debt collector" and language describing certain categories of

6   persons and entities excluded from the definition. An alleged debt collector

7   may avoid liability for alleged violations of the act by failing to qualify as a

8   "debt collector" under the Act, or by falling within one of the exclusions.

9       The Act specifically provides:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, **debts owed or due or asserted to be owed another.** Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1962f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include-
>
> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>
> …
>
> (15 U.S.C. § 1692a(6), emphasis added.)

24      The Fair Debt Collection Practices Act is clearly written to <u>exclude</u>

25  from the definition of "debt collector" those creditors who engage in

26  collection efforts on their own behalf. This has been widely upheld by case

27  law interpreting the Act as set forth below.

28      In *Oldroyd v. Associate Consumer Discount Company* (E.D. Pa. 1994)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

1   863 F.Supp. 237, the court granted summary judgment for the defendants,

2   holding that a mortgage company whose principal business was to make

3   and service consumer loans, and which did not collect debts owed to any

4   entity but itself, was not a "debt collector" for purposes of the Fair Debt

5   Collection Practices Act.

6        The court held in *Lewis v. ACB Business Services, Inc.* (1998) 135

7   F.3d 389 that a corporation primarily in the business of extending credit is

8   not a debt collector under the Fair Debt Collection Practices Act, because

9   the creditor never attempted to collect the debt under an assumed name.

10       The maxim that a creditor attempting to collect on its own extensions

11  of credit is <u>not</u> a debt collector has also been applied widely to health care

12  providers like WESTERN DENTAL. In *Grant v. Trinity Health-Michigan* (E.D.

13  Mich. 2005) 390 F.Supp.2d 643, 655, the court held that the plaintiffs' claims

14  against Trinity for violations of the F.D.C.P.A. failed as a matter of law

15  because Trinity Health was not a "debt collector" as defined by the Act.

16       The Court in *Grant* cited a long line of cases supporting the position

17  that claims for violations of the F.D.C.P.A. against hospital/health system

18  defendants were insufficient as a matter of law, because these defendants

19  were at most "creditors," not "debt collectors," for purposes of the F.D.C.P.A.

20  (*Id.* at 655, citing *Bleich v. Revenue Maximization Group, Inc.* (E.D.N.Y.

21  2002) 239 F.Supp.2d 262; *Burton v. William Beaumont Hosp.* (E.D. Mich.

22  2004) 347 F.Supp.2d 486, 496-97; *Kolari v. New York-Presbyterian Hosp.*

23  (S.D.N.Y. 2005) 382 F.Supp.2d 562; *Darr v. Sutter Health* (2005) WL

24  2873068 at 5; *Carlson v. Long Island Jewish Med. Ctr.* (E.D.N.Y. 2005) 378

25  F.Supp.2d 128.)

26       WESTERN DENTAL is one of California's oldest and most

27  experienced dental and oral health maintenance organizations (DHMO).

28  WESTERN DENTAL's team includes over 4,000 doctors, assistants,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

1 managers, administrators and clinical personnel. WESTERN DENTAL
2 provides high quality, affordable dental and oral health care to thousands of
3 people in California. WESTERN DENTAL is licensed by the State of
4 California's Department of Managed Healthcare as a DHMO. Pursuant to the
5 accompanying Request for Judicial Notice, moving defendant requests that
6 the court take judicial notice of the fact that WESTERN DENTAL is a DHMO
7 pursuant to Federal Rule of Evidence Rule 201, which authorizes this court
8 to take judicial notice of facts that "can be accurately and readily determined
9 from sources whose accuracy cannot reasonably be questioned."

10     The court can accurately and readily determine that WESTERN
11 DENTAL is in fact a licensed dental and oral health maintenance
12 organization by verifying this information with California's Department of
13 Managed Healthcare through their website, at the internet URL
14 http://www.dmhc.ca.gov.

15     Plaintiff's complaint acknowledges that the subject debt relates to a
16 financial obligation owed to the creditor. (Complaint, ¶9.) Plaintiff attempts to
17 plead around the "debt collector" definition requirements by stating that "the
18 debt was purchased, assigned or transferred to Western for collection, or
19 Western was employed by the Creditor to collect the Debt." (Complaint,
20 ¶12.) This is simply false and misleading. The subject debt was incurred by
21 SCHILLING's sister for services rendered by WESTERN DENTAL. She
22 provided WESTERN DENTAL with SCHILLING's phone number as part of
23 her credit application. WESTERN DENTAL provides dental and oral health
24 services; it is not a "debt collector" that services the debts of third parties.
25 Plaintiff's allegations in this regard are clearly fabricated, as illustrated by
26 Plaintiff's refusal and/or failure to identify who the "Creditor" is the complaint.
27 (Complaint, ¶9.) The Creditor is WESTERN DENTAL, who extended credit
28 to SCHILLING's sister.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

As discussed above, the court is not required to accept as true unreasonable inferences, or conclusory legal allegations that are creatively pled as factual allegations. (See *Western Mining Council v. Watt* (9th Cir.1981) 643 F.2d 618, 624; *In re Washington Mut. Overdraft Protection Litigation* (C.D.Cal. 2008) 539 F.Supp.2d 1136, 152.) Pursuant to this authority, the Court should reject Plaintiff's clearly misleading (and patently false) factual allegations that WESTERN DENTAL was acting as a debt collector for some unnamed creditor, and dismiss SCHILLING's first count for violations of the Federal Fair Debt Collection Practices Act. WESTERN DENTAL is not a debt collector under the Act because it is a health care provider attempting to collect its own debt. As such, Plaintiff's claim for violations of the Federal Fair Debt Collection Practices Act against WESTERN DENTAL fails as a matter of law.

> **2.      Plaintiff SCHILLING Does Not Have Standing under the Fair Debt Collection Practices Act Because He Is Not a "Consumer"**

Notwithstanding the fact that Plaintiff's claim under the Fair Debt Collection Practices Act fails because WESTERN DENTAL was acting to collect on its own extension of credit, and therefore not a "debt collector" as defined by 15 U.S.C. § 1692a(6), SCHILLING's claim also fails to state a claim for which relief can be granted because he does not meet the definition of a "consumer" as defined by Section 1692a(3).

15 U.S.C. § 1692a provides in relevant part:

> As used in this subchapter—
>
> …
>
> (3) The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

1      Plaintiff SCHILLING acknowledges in his complaint that his sister (not

2  he) allegedly incurred a financial obligation and is a "consumer" as defined

3  under Section 1692a(3). (Complaint, ¶10.) SCHILLING's complaint explicitly

4  states WESTERN DENTAL contacted him in an attempt to collect a debt

5  owed by his sister, and that the debt does not, nor was it ever alleged to,

6  belong to him. (Complaint, ¶14.) Plaintiff does not allege that he should be

7  considered a "consumer" as defined by the Act.

8      The United States District Court, Northern District of California recently

9  held that an individual who does not meet the definition of a "consumer"

10  under Section 1692a(3) has no standing to bring a claim under the federal

11  Fair Debt Collection Practices Act. (*Sanchez v. Client Services, Inc.*

12  (N.D.Cal. 2007) 520 F.Supp.2d 1149, 1156 (see footnote 3).)

13      In *Sanchez,* Plaintiffs Irma Sanchez, Jorge Sanchez, and Sophia

14  Sanchez sued Client Services, Inc. for alleged violations of the Fair Debt

15  Collection Practices Act and Rosenthal Fair Debt Collection Practices Act.

16  (520 F.Supp.2d at 1152.) Plaintiff Irma Sanchez owed $4,069.11 on a

17  Discover credit card. After delays in payment, Discover transferred the credit

18  card debt to Client Services for collection. (*Id.*)

19      Between June and December of 2005, Client Services undertook

20  significant efforts to locate and contact Irma Sanchez about the debt. The

21  efforts included calling her at her place of employment in the cafeteria at the

22  Milpitas School District approximately 54 times. (*Id.* at 1153.)

23      Client Services also called the cell phone belonging to Irma Sanchez.

24  On at least one occasion, Irma Sanchez's 17 year old daughter, Sophia

25  Sanchez, answered her mother's cell phone and incorrectly informed Client

26  Services that her mother was unavailable. In a later call, Client Services

27  spoke to Sophia Sanchez on the cell phone and in a "demanding tone"

28  asked Sophia to inform her mother about the telephone calls. (*Id.*)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ● FAX (619) 849-4950

1  On September 18, 2007, the parties filed motions for partial summary

2  judgment. (*Id.* at 1155.) One of the disputed issues was whether plaintiff

3  Sophia Sanchez had standing to assert violations under state and federal

4  fair debt collection practices acts. The District Court stated:

> The federal fair debt collection practices act defines a
> "consumer" as "any natural person obligated or
> allegedly obligated to pay any debt." 15 U.S.C. §
> 1692a(3). The state fair debt collection practices act
> defines a "debtor" as a "natural person from whom a
> debt collector seeks to collect a consumer debt which
> is due and owing or alleged to be due and owing from
> such person." California Civil Code § 1788.2. Under
> either of these definitions, it is undisputed that plaintiff
> Sophia Sanchez did not owe the debt or was
> otherwise obligated to pay the debt. As such, she has
> no standing to assert violations under the state and
> federal fair debt collection practices acts here.

12  (520 F.Supp.2d at 1156.)

13  The exact same analysis applies in this case. SCHILLING's complaint

14  acknowledges that his sister is the alleged debtor; however, she is not

15  named as a plaintiff. SCHILLING does not owe the debt to WESTERN

16  DENTAL and is not otherwise obligated to pay the debt. Therefore, he has

17  absolutely no standing to bring a claim under the Fair Debt Collection

18  Practices Act because he is not a "consumer" as defined by 15 U.S.C. §

19  1692a(3).

20  **B.   Plaintiff's Third Count for Violations of the Telephone**

21  **Consumer Protection Act Must Be Dismissed Because Debt**

22  **Collection Calls Are an Exception to the Act**

23  Plaintiff's third cause of action alleges violations of the Telephone

24  Consumer Protection Act under 47 U.S.C. § 227, *et seq.* This count alleges

25  that Defendant "contacted the Plaintiff by means of automatic telephone

26  calls or prerecorded messages at a cellular telephone or pager in violation of

27  47 U.S.C. § 227(b)(1)(A)(iii)." (Complaint, ¶38.)

28  / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

1  The third count further alleges that, without prior consent, WESTERN
2  DENTAL made telephone calls to Plaintiff's residential telephone line using
3  an artificial or pre-recorded voice to deliver a message in violation of 47
4  U.S.C. § 227(b)(1)(B). (Complaint, ¶39.)

5  **1.    Debt Collection Calls Do Not Violate the Telephone**
6  **Consumer Protection Act**

7  The Telephone Consumer Protection Act (TCPA) was enacted to
8  protect privacy interests of residential telephone subscribers by placing
9  restrictions on unsolicited, automated telephone calls to the home and to
10 facilitate interstate commerce by restricting certain uses of facsimile
11 machines and automatic dialers. (*Foxhall Realty Law Offices, Inc. v.*
12 *Telecommunications Premium Services, Ltd.* (S.D.N.Y. 1997) 975 F.Supp.
13 329.)

14 Repeated debt collection calls to a telephone number provided by a
15 debtor are not solicitations as would violate the Telephone Consumer
16 Protection Act prohibition of making more than one telephone solicitation to
17 the same person within a 12 month period, even where the owner of that
18 telephone number is not the debtor. (*Meadows v. Franklin Collection*
19 *Services* (C.A.11 (Ala.) 2011) 414 Fed.Appx. 230.)

20 In *Meadows v. Franklin Collection Services,* Plaintiff Elizabeth
21 Meadows sued Franklin Collection Services, Inc., alleging its conduct of
22 phoning her repeatedly regarding a debt violated the Fair Debt Collection
23 Practices Act (15 U.S.C. § 1692) and the Telephone Consumer Protection
24 Act (47 U.S.C. § 277).

25 Like SCHILLING in the instant case, Meadows did not owe any of the
26 debts that were the subject of Franklin's debt collection activities. The debt
27 collection involved debts owed by Meadows' daughter, Taylor, and the family
28 that previously owned Meadows' phone number, the Tidmores. (*Id.*)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

1    From May 2006 until March 2009, Franklin called Meadows' residence

2  several times per week regarding the debts. Meadows testified that she

3  received about 300 calls over that time period, up to three calls a day.

4  During the calls, Franklin would ask for contact information on the debtors.

5  Meadows told Franklin that she was not the debtor and did not know the

6  debtors' whereabouts, and asked them as early as May 2006 to stop calling.

7  The debt collection calls continued through May 2009. (*Id.* at 233.)

8    Both Plaintiff and Defendant moved for summary judgment. The

9  district court granted summary judgment in favor of Franklin Collection

10  Services as to all claims, and denied Meadows' motion. Meadows appealed,

11  and the 11th Circuit affirmed the court's judgment as to the T.C.P.A. claims,

12  but reversed as to the F.D.C.P.A. claims. (*Id.* at 232.)

13    Just like SCHILLING's allegations in the instant action, Meadows

14  claimed that Franklin violated 47 U.S.C. § 227(b)(1)(B), which makes it

15  unlawful "to initiate any telephone call to any residential telephone line using

16  an artificial or prerecorded voice to deliver a message without the prior

17  express consent of the called party, unless the call is initiated for emergency

18  purposes or is exempted by rule or order by the [Federal Communications]

19  Commission under paragraph (2)(B)." (*Id.* at 235.)

20    The Eleventh Circuit noted that the FCC created two regulatory

21  exemptions applicable to the debt collection calls in that case. First, the FCC

22  exempted from the T.C.P.A.'s prohibition against prerecorded calls any call

23  "made to any person with whom the caller has an established business

24  relationship at the time the call is made[.]" (*Id.* citing 47 C.F.R.

25  64.1200(a)(2)(iv).

26    Second, the FCC exempted any call "made for a commercial purpose

27  but does not include or introduce an unsolicited advertisement or constitute

28  a telephone solicitation[.]" (*Id.* citing 47 C.F.R. 64.1200(a)(2)(iii).)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

The Eleventh Circuit explained that the FCC "has made clear" that the two exemptions "apply where a third party places a debt collection call on behalf of the company holding the debt." (*Id.* citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8773 ¶ 39 (July 26, 1995).) The Eleventh Circuit further stated, "The FCC has also clarified that "all debt collection circumstances involve a prior or existing business relationship." (*Id.* at 235.)

In their holding, the Eleventh Circuit stated:

> We agree with the district court that Franklin did not violate the TCPA because its prerecorded debt-collection calls are exempt from the TCPA's prohibition on such calls to residences. Franklin had an established business relationship with the debtors (Taylor and Tidmores), and was attempting to contact them at Meadows's number. Because Franklin had an existing business relationship with the intended recipient of its prerecorded calls, and the calls were made for a commercial, non-solicitation purpose, we conclude that those calls are exempt from the TCPA's prohibitions on prerecorded calls to residences.

> We reject Meadows's argument that because she is a non-debtor, the debt-collection exemptions do not apply because she did not have an established business relationship with Franklin. As the district court noted, the FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage, and thus the exemptions apply when a debt collector contacts a non-debtor in an effort to collect a debt. Otherwise, a debt collector that used a prerecorded message would violate the TCPA if it called the debtor's number an another member of the debtor's family answered.

> (*Meadows v. Franklin Collection Services, supra,* 414 Fed.Appx. at 236.)

The decision in *Meadows* is directly on point with the facts of this case. SCHILLING alleges that WESTERN DENTAL placed calls to his cellular phone and residence for the purpose of collecting a debt allegedly owed by his sister. Like Elizabeth Meadows, he alleges the calls continued even after he advised the caller that he did not owe the debt, and would not or could

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950

1  not provide information about the whereabouts of the debtor. However, this

2  debt collection activity clearly falls outside the purview of the Telephone

3  Consumer Protection Act. The calls were based on a "pre-existing

4  relationship" between WESTERN DENTAL and the debtor, SCHILLING's

5  sister. Furthermore, the calls were commercial in nature but did not include a

6  solicitation; they were made for the purpose of attempting to collect a debt.

7  The debt collection activities alleged in the complaint clearly fall within the

8  two exemptions to the Telephone Consumer Protection Act codified by the

9  FCC in 47 C.F.R. 64.1200(a)(2) subsections (iii) and (iv).

10       The Eleventh Circuit unambiguously ruled that "the FCC has

11  determined that **all debt-collection circumstances are excluded from the**

12  **TCPA's coverage**, and thus the exemptions apply when a debt collector

13  contacts a non-debtor in an effort to collect a debt." (emphasis added,

14  *Meadows v. Franklin Collection Services, supra,* 414 Fed.Appx. at 236.)

15  Because all of the alleged violations of 47 U.S.C. § 227 in Plaintiff's

16  complaint arise out of debt collection activities, they are qualified exemptions

17  from the Act. Plaintiff has failed to state a claim for which relief can be

18  granted under the Telephone Consumer Protection Act.

19            **2.    If Plaintiff's F.D.C.P.A. Claim Is Dismissed, This Court**

20                   **Lacks Jurisdiction Over SCHILLING's T.C.P.A. Claim**

21       If the court is inclined to dismiss Plaintiff's first count for violations of

22  the Federal Fair Debt Collection Practices Act, United States District Court

23  would be divested of jurisdiction over Plaintiff's Telephone Consumer

24  Protection Act claim.

25       In *Chair King, Inc. v. Houston Cellular Corp.* (5th Cir. 1997) 131 F.3d

26  507, 512, the Fifth Circuit determined that a federal court lacked federal-

27  question jurisdiction over T.C.P.A. claims.

28  / / /

WESTERN DENTAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AND THIRD COUNTS PURSUANT TO F.R.C.P. 12(b)(6)

1   In *ErieNet, Inc. v. Velocity Net, Inc.*, (C.A.3 (Pa.) 1998) 156 F.3d 513,
2   the court held that the federal district court did not have subject matter
3   jurisdiction over a suit against a telemarketer, reasoning that while claims
4   under the Telephone Consumer Protection Act arose under federal law, the
5   T.C.P.A. had a more specific jurisdictional provision calling for private
6   actions to be brought in state courts.

7   Several other decisions have underscored the fact that federal
8   question jurisdiction does not exist over cases brought pursuant to the
9   T.C.P.A., as Congress provided for exclusive state court jurisdiction over
10  T.C.P.A. claims. (See *Charvat v. GVN Michigan, Inc.* (S.D. Ohio 2008) 531
11  F.Supp.2d 922; *Boydston v. Asset Acceptance LLC* (N.D.Cal.2007) 496
12  F.Supp.2d 1101.)

13  Insofar as the court's "federal question jurisdiction" is vitiated with
14  respect to the F.D.C.P.A. claims, the court will be divested of supplemental
15  jurisdiction over both the T.C.P.A. cause of action, and Plaintiff's second
16  cause of action for violation of California's Rosenthal Fair Debt Collection
17  Practices Act.

18  **V.   CONCLUSION**

19  Based on the foregoing, Defendant WESTERN DENTAL SERVICES,
20  INC. requests the Court dismiss Plaintiff's first and third counts.

21  DATED: February 29, 2012        WOOD, SMITH, HENNING & BERMAN
22                                  LLP
23
24  By: _____
25      WYETH E. BURROWS
26      CHRISTOPHER G. HOOK
        Attorneys for Defendant WESTERN
27      DENTAL SERVICES, INC.
28

*Left margin (vertical text):* WOOD, SMITH, HENNING & BERMAN LLP / Attorneys at Law / 501 WEST BROADWAY, SUITE 1200 / SAN DIEGO, CALIFORNIA 92101 / TELEPHONE (619) 849-4900 ◆ FAX (619) 849-4950

1    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

3    *Robert Schilling v. Western Dental Services, Inc.*
     **Case No. CV12 – 748 DMG (OPx)**

4
         I am employed in the County of San Diego, State of California.  I am
5    over the age of eighteen years and not a party to the within action; my
     business address is 501 West Broadway, Suite 1200, San Diego, California
6    92101.

7        On March 1, 2012, I served the following document(s) described as
     **WESTERN DENTAL SERVICES, INC.'S NOTICE OF MOTION AND
8    MOTION TO DISMISS PLAINTIFF'S FIRST AND THIRD COUNTS
     PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND
9    AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this
     action as follows:

10
     Tammy Hussin, Esq.
11   Lemberg & Associates, LLC
     6404 Merlin Drive
12   Suite 100
     Carlsbad, CA 92011
13   Tel: (855) 301-2100/Fax: (203) 653-3424
     E-Mail: thussin@lemberglaw.com
14   **Attorneys for Plaintiff ROBERT SCHILLING**

15   **BY ELECTRONIC SERVICE:**  Based on a court order or an agreement of
     the parties to accept service by electronic transmission, I caused the
16   document(s) to be sent to the persons at the electronic notification address
     listed in the service list.  I did not receive, within a reasonable time after the
17   transmission, any electronic message or other indication that the
     transmission was not successful.

18
         I declare under penalty of perjury under the laws of the United States
19   of America that the foregoing is true and correct and that I am employed in
     the office of a member of the bar of this Court at whose direction the service
20   was made.

21       Executed on March 1, 2012, at San Diego, California.

22
23                              *Dianne C. McKay*
                                _____
24                              Dianne C. McKay

25

26

27

28

LEGAL:06106-0021/2197671.1                     -1-                  CV12 - 748 DMG (OPx)
WESTERN DENTAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AND THIRD COUNTS PURSUANT TO F.R.C.P. 12(b)(6)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 849-4900 ♦ FAX (619) 849-4950